NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 14 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ERNESTO YOVANY CORNEJO-ARIAS, | No. 20-73572 |
| Petitioner, | Agency No. A206-062-351 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 12, 2022[**]
San Francisco, California

Before: CLIFTON and M. SMITH, Circuit Judges, and REISS,[***] District Judge.

Ernesto Yovany Cornejo-Arias seeks review of the Board of Immigration

Appeals' (BIA) order denying his applications for withholding of removal and

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Christina Reiss, United States District Judge for the District of Vermont, sitting by designation.

deferral of removal pursuant to the Convention Against Torture. We have jurisdiction over most of the petition for review pursuant to 8 U.S.C. § 1252. The BIA adopted the immigration judge's decision and cited *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), so we review the immigration judge's decision as if it were the BIA's. *Abebe v. Gonzales*, 432 F.3d 1037, 1039 (9th Cir. 2005) (en banc).

We lack jurisdiction to review Cornejo-Arias's argument that the agency lacked jurisdiction over him due to a defective notice to appear because he did not exhaust this issue before the IJ or the BIA. *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022). Cornejo-Arias argues that he was not required to exhaust this claim because the Supreme Court did not decide *Pereira v. Sessions*, 138 S. Ct. 2105 (2018) until after the parties' briefing before the BIA was completed. That is incorrect. The notice to appear was served on June 26, 2019. Accordingly, *all* of the proceedings in this case, including those before the BIA, occurred after *Pereira* was decided. Therefore, we dismiss this aspect of the petition for review.

Cornejo-Arias challenges the agency's denial of his application for withholding of removal, focusing on what he argues was the agency's erroneous rejection of his proposed particular social group. But Cornejo-Arias does not challenge the agency's independent holding that he is ineligible for withholding of removal because there are serious reasons to believe he committed a serious non-political crime before coming to the United States. *See* 8 U.S.C. § 1231(b)(3)(B)(iii);

*see also Villalobos Sura v. Garland*, 8 F.4th 1161, 1167 (9th Cir. 2021). Because Cornejo-Arias does not challenge the agency's application of the serious non-political crime bar, we need not address his arguments regarding his proposed particular social group because he would still be ineligible for withholding of removal even if the agency erred with respect to his proposed social group.

The agency's determination that Cornejo-Arias did not meet his burden to establish that the gang violence he experienced was "inflicted . . . with the consent or acquiescence of[] a public official acting in an official capacity," 8 C.F.R. § 1208.18(a)(1), is supported by substantial evidence. *See Guo v. Sessions*, 897 F.3d 1208, 1212 (9th Cir. 2018); 8 U.S.C. § 1252(b)(4)(B). The IJ found that the El Salvadoran government did not consent to or acquiesce in the gang violence Cornejo-Arias experienced because Cornejo-Arias testified that he was working with the police as part of an undercover operation to arrest gang members and that he saw the police actually arrest 20-30 gang members. Cornejo-Arias does not address this evidence but argues that unidentified country conditions evidence demonstrates that the El Salvadoran government was willfully blind to gang violence. Substantial evidence supports the agency's conclusion that the police were working with Cornejo-Arias to combat gang violence, and the country conditions evidence does not compel the conclusion that law enforcement was willfully blind

to the gang violence he experienced. 8 U.S.C. § 1252(b)(4)(B). Therefore, we deny this aspect of the petition for review.

**PETITION FOR REVIEW DISMISSED IN PART AND DENIED IN PART.**